**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

ROLANDIS CHATMON                                                    PLAINTIFF
ADC #140078

v.                                          4:23CV00689-LPR-JTK

DEMETRIA HENRY                                              DEFENDAT HENRY

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

### I.    Introduction

Rolandis Chatmon ("Plaintiff") is in custody at the Varner Supermax Unit of the Arkansas Division of Correction ("ADC"). He filed a pro se civil action under 42 U.S.C. § 1983, as well as a Motion to Proceed In Forma Pauperis, which was granted. (Doc. Nos. 1, 2, 4). The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and served Plaintiff's claims. (Doc. No. 4).

On August 14, 2023, Defendant Demetria Henry filed a Motion to Dismiss and Brief in Support. (Doc. Nos. 7, 8). Plaintiff has filed his Response. (Doc. No. 11).

As explained below, Plaintiff's Complaint fails to state a claim on which relief may be granted. Accordingly, the Court recommends that Defendant Henry's motion be granted.

## II.    Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. ' 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from Defendant Henry who is immune from such relief.  28 U.S.C. ' 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under ' 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.    Discussion

### A.    Plaintiff's Complaint

Plaintiff brought this action against Demetria Henry, who is employed as a correctional officer by the ADC. (Doc. No. 2 at 2). Plaintiff sued Defendant Henry in her official and personal capacity. Id. Plaintiff alleges that on April 12, 2022, Defendant Henry took disciplinary action against him for numerous rule infractions. Id at 3. Plaintiff was notified of the rule infractions on

April 15, 2022, and appeared before a disciplinary hearing officer on April 19, 2022. Id. During the hearing, Plaintiff gave a statement in his defense contending that the disciplinary process had been flawed due to procedural error and entered a 'Not Guilty' plea. Id. The disciplinary hearing officer found Plaintiff not guilty of all rule infractions alleged by Defendant Henry based on technicality alone. Id.

On April 28, 2022, Plaintiff was served a major disciplinary that he alleges was "falsified and fabricated" by Defendant Henry. (Doc. No. 2 at 5). On the same day, Plaintiff filed a grievance against Defendant Henry alleging retaliation, harassment, intimidation and interference with Plaintiff's ability to exercise his rights. Id. This grievance was subsequently found to be without merit. Id at 6. On April 29, 2022, Plaintiff appeared before a disciplinary hearing officer and was found guilty and was punished. Id at 5.

Plaintiff asserts that the major disciplinary he was issued on April 28, 2022, was an act of retaliation against him and thereby a violation of his First Amendment rights under the U.S. Constitution. Id at 7. Plaintiff seeks damages, injunctive and declaratory relief against Defendant Henry in her official capacity. Id.

### B.    Defendant's Motion

Defendant Henry first asks the Court to dismiss Plaintiff's allegations against her due to a duplicative claim existing in state court. (Doc. No 7 at 2). Specifically, Defendant Henry argues that this Court should abstain from exercising jurisdiction over a claim already being litigated against her in an Arkansas court pursuant to Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 814 (1976).

Defendant Henry also asks the Court to dismiss Plaintiff's allegation against her for failure to state a claim on which relief can be granted. Id.   Defendant Henry argues that an impartial

hearing officer considered the evidence supporting the finding that Plaintiff was guilty of rule violations and therefore Plaintiff's claim fails as a matter of law. Id.

### C.    Plaintiff's Response

Plaintiff asks that this Court thus deny Defendant Henry's motion to dismiss because Defendant Henry has not been served in state court and no formal proceedings have begun. (Doc. No. 11 at 2). Plaintiff further argues that Defendant Henry began retaliatory behavior after Plaintiff was found 'Not Guilty' of the disciplinary charge alleged by Defendant Henry on April 19, 2022. Id at 3. Plaintiff asserts that the disciplinary hearing that he received after the alleged retaliatory disciplinary failed to satisfy the requirements of Wolff v. McDonnell, 418 U.S. 539, 576 (1974) because Plaintiff was unable to call witnesses and present evidence. Id at 4.

### D.    Abstention

The Colorado River abstention doctrine permits federal district courts to decline to exercise jurisdiction only when parallel state and federal actions exist and exceptional circumstances warrant abstention. Colorado River,424 U.S. at 814. "Federal courts, however, have a 'virtually unflagging…obligation to exercise the jurisdiction given to them, even when there is a pending state court action involving the subject matter." Fru–Con Constr. Corp. v. Controlled Air, Inc., 574 F.3d 527, 534 (8th Cir. 2009) (quoting Mountain Pure, LLC v. Turner Holdings, LLC, 439 F.3d 920, 926 (8th Cir. 2006)). Furthermore, the Colorado River doctrine is not appropriate when a plaintiff raises a non-frivolous claim over which federal courts have exclusive control. Cottrell v. Duke, 737 F.3d 1238, 1245 (8th Cir. 2013).

Under the Colorado River doctrine, the initial question is whether the state and federal proceedings are parallel. Fru–Con Constr. Corp., 574 F.3d at 534. In the Eighth Circuit, to be parallel "a substantial similarity must exist between the state and federal proceedings, which

occurs when there is a substantial likelihood that the state proceeding will fully dispose of the claims presented in the deferral court." Id.

Under this standard, Plaintiff's state and federal proceedings are not parallel. Plaintiff attempted to bring this suit twice in state court. In the first instance, service was not made on Defendant Henry in a timely manner due to circumstances outside of Plaintiff's control and the case was dismissed. (Doc. No. 2 at 1). In the second instance, Plaintiff refiled his state court motion but has yet to perfect service. Id.

Plaintiff is a pro se litigant who is incarcerated within the ADC Varner Supermax Unit, where Defendant Henry is employed. Plaintiff has been unable to serve Defendant Henry pursuant to Ark. R. Civ. P. 4. As defense counsel has made clear, however, Defendant Henry is aware of the state case pending in Lincoln County.

The commencement date of an action is determined by the date plaintiff completes service within the 120 days allowed by the statute. Forrest City Mach. Works, Inc. v. Lyons, 315 Ark. 173, 175 (1993). The Eighth Circuit has upheld the Arkansas Supreme Court's interpretation of this statute. Barner v. Thompson Ctr. Arms Co. Inc., 796 F.3d 897, 900 (8th Cir. 2015).

While the factual basis for both state and federal claims are similar, the state claim has not progressed in any meaningful way because Plaintiff has been unable to render service. Consequently, no official legal action has commenced in state court, and the ongoing proceeding in federal court is the only action taking place.

In the state claim, Plaintiff asserts that his rights under the Arkansas Constitution Article II §4 and §6, as well as the Arkansas Civil Rights Act of 1983, have been violated. In the federal claim, Plaintiff asserts that his rights to relief under the United States Constitution Amendment 1 and 42 U.S.C §1983 were violated. Even if the state action had commenced, the claims brought in

state and federal court are different. Therefore, as currently pled, there is not a parallel case in state court.

Addressing the second prong of the <u>Colorado River</u> doctrine, the Eighth Circuit has relied on the balancing of six factors to determine whether exceptional circumstances exist warranting abstention:

> "(1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has priority— not necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiff's rights."

<u>Spectra Commc'ns Grp., LLC v. City of Cameron, Mo.</u>, 806 F.3d 1113, 1121 (8th Cir. 2015).

The first two factors are irrelevant in this case because there is no res at issue, and the state and federal forum are equally convenient. As Defendant Henry has provided, the Eighth Circuit has held that the risk of piecemeal litigation is the "predominant factor." <u>Id.</u> The risk of piecemeal litigation is insignificant here because the federal claim is easily severable from the state claims. In the state claim, Plaintiff asserts violation of Arkansas statute A.C.A §5-54-122; in the federal claim, the Plaintiff asserts violation of his First Amendment right.

The fourth, fifth, and sixth factors similarly disfavor abstention. The state litigation does not have priority over the federal case. While the state claim was filed first, it has not obtained jurisdiction over Defendant Henry and has not addressed the merits of any of Plaintiff's claims. See <u>Colorado River</u>, 424 U.S. at 818. The presence of federal-law issues, furthermore, must always be a major consideration weighing against surrender [of federal jurisdiction]. <u>Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.</u>, 460 U.S. 1, 26 (1983).

Finally, it is unclear whether the state court can adequately protect Plaintiff's interests. See U.S. Fid. & Guar. Co. v. Murphy Oil USA, Inc., 21 F.3d 259, 263 (8th Cir. 1994). Plaintiff has attempted to bring this claim in state court twice and has been unable to deliver service to Defendant Henry because of his circumstances. Therefore, this Court will not refrain from hearing this case.

### E.    Official Capacity Claims

Plaintiff sued Defendant Henry in her personal and official capacities. "A suit against a government officer in his [or her] official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010).  Accordingly, Plaintiff's official capacity claims against Defendant Henry is the equivalent of claims against the state of Arkansas. See, Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

States are not "persons" under § 1983 and are immune from § 1983 claims for damages. Stanley v. Hutchinson, No. 6:17-CV-06008, 2017 WL 4572496, at 1 (W.D. Ark. 2017), aff'd sub nom. Stanley v. Finnegan, 899 F.3d 623 (8th Cir. 2018). Therefore, Plaintiff is not entitled to any compensatory relief. This does not, however, insulate Defendant Henry from claims for injunctive relief.

Injunctive relief against a state officer in his official capacity may be proper when a plaintiff alleges an ongoing violation and seeks prospective, rather than compensatory relief. Ex parte Young, 209 U.S. 123, 155–56 (1908); Heartland Acad. Cmty. Church v. Waddle, 427 F.3d 525, 530 (8th Cir. 2005). To invoke the Ex parte Young exception, however, the plaintiff must allege an "ongoing violation of federal law and seek relief properly characterized as prospective." Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland, 535 U.S. 635, 645 (2002). Plaintiff

must also show "a sufficient connection between" Defendant Henry and the alleged unlawful conduct. 281 Care Comm. v. Arneson, 638 F.3d 621, 632 (8th Cir. 2011).

Plaintiff claims that Defendant Henry retaliated against him on April 28, 2022, when she filed a major disciplinary against him. (Doc. No 2 at 5). This single, isolated event does not constitute an "ongoing violation of federal law" under Ex parte Young. Therefore, prospective injunctive relief is not available.

### F.    Personal Capacity Claims

Plaintiff sued under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). Bare allegations void of factual development are insufficient to state a claim for relief under § 1983. See, Iqbal, 556 U.S. at 678. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

An inmate may maintain a cause of action for retaliatory discipline under 42 U.S.C. § 1983 where a prison official files disciplinary charges in retaliation for an inmate's exercise of constitutional rights. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). However, retaliatory disciplinary claims fails if these violations were issued for actual violations of a prison rule. See Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990). Defendant Henry, therefore, may successfully defend a retaliatory discipline claim by showing "some evidence" the inmate committed a rule violation. See Goff v. Burton, 7 F.3d 734, 738–39 (8th Cir.1993). "A report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is

found by an impartial decision maker." <u>Hartsfield v. Nichols</u>, 511 F.3d 826, 831 (8th Cir. 2008). Therefore, when there is a disciplinary decision affirming the charge, the "crucial inquiry 'is not whether the prisoner alleges that prison officials retaliated against him for participating in constitutionally protected activity, but instead is whether the prison disciplinary committee ultimately found based upon some evidence that the prisoner committed the charged violation of the prison regulations.'" <u>Henderson v. Baird</u>, 29 F.3d 464, 469 (8th Cir. 1994).

The Supreme Court has characterized the "some evidence" standard as whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. <u>Superintendent v. Hill</u>, 472 U.S. 445, 455–56 (1985).

Here, the hearing officer, an impartial decision maker, found Plaintiff 'Guilty' of the rule infraction. The hearing officer based his or her decision, at least in part, on Defendant Henry's disciplinary report that was served on Plaintiff on April 28, 2022. (Doc. No. 2 at 5). Plaintiff acknowledges this in his Complaint. <u>Id.</u> Based on Plaintiff's pleadings, the disciplinary against him was supported by some evidence, and there is no allegation of an impartial decision maker. <u>Id.</u>

Plaintiff alleges that the disciplinary hearing he received failed to satisfy the requirements of <u>Wolff v. McDonnell</u>, 418 U.S. 539, 576 (1974). (Doc. No. 11 at 4). <u>Wolff</u> set out the procedural hearing requirements for prison discipline: an inmate is entitled (1) to advance written notice of the claimed violation at least 24 hours before the disciplinary hearing; (2) to call witnesses and to present documentary evidence in his defense if doing so will not jeopardize institutional safety or correctional goals; and (3) to receive a written statement from an impartial decisionmaker identifying the evidence relied on and the reasons for the disciplinary action. <u>Id</u>

In his Response, Plaintiff states he was given notice 24 hours in advance of the disciplinary hearing. (Doc. No. 11 at 3). Therefore, Plaintiff was given advance written notice at least 24 hours before the disciplinary hearing. Next, Plaintiff claims he was unable to call witnesses or present evidence in his defense. He further claims, however, that he only indicated he wanted to call witnesses and present evidence in grievance and on appeal apparently after the disciplinary hearing concluded. Id at 4. Hence, Plaintiff was not denied opportunity to call witnesses and to present documentary evidence. Plaintiff says he was provided a written copy of the disciplinary decision. Id at 4. Through his own admission then, Plaintiff received a written statement from an impartial decision maker identifying the evidence relied on and the reason or the disciplinary action.

The disciplinary hearing Plaintiff received complied with each requirement in this case because Plaintiff received notice, an opportunity to call witnesses and put on evidence, and received a written statement from the hearing officer identifying the evidence relied on and reason for the disciplinary action.

Considering all of the above, Defendant Henry's Motion should be granted, and Plaintiff's claims dismissed without prejudice.

## IV.    Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendant Henry Henry's Motion to Dismiss (Doc. No. 7) be GRANTED.

2.    This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

Dated this 25th day of September 2023.

_____

UNITED STATES MAGISTRATE JUDGE