IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ROLANDIS CHATMON**                                                                               **PLAINTIFF**
**ADC #140078**

v.                                            No. 4:23-CV-00689-LPR

**DEMETRIA HENRY**                                                                 **DEFENDANT**

## ORDER

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Jerome T. Kearney and the Plaintiff's Objections.[1] After a *de novo* review of the RD, along with careful consideration of the Plaintiff's Objections and the entire case record, the Court hereby approves and adopts the RD in its entirety as this Court's findings and conclusions in all respects, with the following exceptions:

1. The Court adopts the RD's conclusion that the Court should not abstain here, but it does not adopt the RD's reasoning. The Court chooses not to abstain because, at this point, there do not appear to be any live state cases.

2. The Court disagrees with the RD insofar as the RD suggests that Plaintiff "only indicated he wanted to call witnesses and present evidence in grievance and on appeal apparently after the disciplinary hearing concluded."[2] Plaintiff's Complaint clearly alleges that he "requested that the camera be called as a witness as exculpatory evidence . . ." and that he was "informed that he could not call the camera as a witness."[3] Despite this, the Court agrees that the First Amendment retaliation claim fails because, as the RD explains, there was some evidence that Plaintiff

---

[1] Docs. 21 and 22.

[2] Recommended Disposition (Doc. 21) at 10.

[3] Compl. (Doc. 2) at 5.

1

committed a rule violation.[4]  "[A] report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as 'some evidence' upon which to base a prison disciplinary violation, if the violation is found by an impartial decisionmaker."[5]  Plaintiff seems to believe this rule should not apply because he was not allowed to obtain and use video evidence at the disciplinary hearing.  The problem for Plaintiff is that he does not allege his disciplinary hearing led to consequences amounting to a deprivation of liberty.  The consequences he does allege are merely a temporary loss of telephone privileges, commissary privileges, and visitation privileges, as well as a "reduc[tion] to class 4."[6]  Accordingly, the due process protections set forth in *Wolff* do not apply.[7]

Accordingly, Defendant Henry's Motion to Dismiss (Doc. 7) is GRANTED.  This case is DISMISSED without prejudice for failure to state a claim on which relief may be granted.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 13th day of February 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[4] Recommended Disposition (Doc. 21) at 9.

[5] *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008).

[6] Compl. (Doc. 2) at 5.

[7] To the extent Plaintiff attempts to bring an independent due process claim, it fails for the same reason.